# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JUSTIN K. BLACK,

           Plaintiff,

v.                                    CIVIL ACTION NO. 3:22-0096

THE WEST VIRGINIA STATE POLICE,
ANTHONY CUMMINGS,
KIMBERLY PACK,
GREG LOSH,
MIKE PARDE,
EDDIE BLANDKNSHIP, and
UNKNOWN OFFICERS OF THE WEST
VIRGINIA STATE POLICE,

           Defendants.

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendants' Motion in *Limine* to Exclude Evidence, Testimony, or Argument Concerning Post-Conviction DNA Testing and Results, and the Investigation into Tim Smith ("Defs. Mot."). ECF No. 136. For the following reasons, the Court **DENIES** this motion.[1]

## BACKGROUND

In 2008, Plaintiff Justin Black was convicted for the murder of Deanna Crawford. *See* Complaint ("Compl.") ¶ 84. Almost ten years later, Defendants conducted new DNA testing and identified a new suspect—Tim Smith. *See id.* ¶¶ 89–97. Based on this evidence, the Circuit Court of Cabell County vacated Plaintiff's conviction. *See id.* ¶ 99. The State of West Virginia then dismissed all charges against Plaintiff. *See id.* ¶ 100. Plaintiff sued.

---

[1] The Court also considered Plaintiff's Response to Defendants' Motion in *Limine* ("Pl. Resp."), ECF No. 155, and Defendants' Reply in Support of its Motion in *Limine* ("Defs. Reply"), ECF No. 167.

At trial, Plaintiff hopes to present evidence about Defendants' post-conviction DNA testing and the investigation into Tim Smith (the "contested evidence"). *See* Pl. Resp. at 3. He argues this evidence suggests his innocence, is relevant to liability and damages, and presents a "full, coherent account of the criminal case." *Id.* Defendants disagree. They argue the evidence should be excluded under Federal Rule of Evidence 403 because it is not relevant to any issue in this case and would only "waste this court's time and confuse the jury." Defs. Mot. at 2.

## LEGAL STANDARD

District courts enjoy "wide discretion" to decide the admissibility of evidence. *United States v. Love*, 134 F.3d 595, 603 (4th Cir. 1998). This discretion includes resolving motions in *limine*. *See Luce v. United States*, 469 U.S. 38, 41–42 & n.4 (1984). These pre-trial motions help "avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Bygum v. City of Montgomery*, 2021 WL 4487610, at *1 (S.D. W. Va. Sept. 30, 2021) (citation omitted). Even so, a motion in *limine* should be granted only if the evidence is "clearly inadmissible on all potential grounds." *Bygum*, 2021 WL 4487610 at *1.

## ANALYSIS

Plaintiff may introduce the contested evidence at trial. The "touchstone" of whether evidence is admissible is relevance. *United States v. Nasher-Alneam*, 399 F. Supp. 3d 561, 564 (S.D. W. Va. 2019). Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action." Fed. R. Evid. 401. This standard is easy to satisfy. *See, e.g.*, *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 383 (4th Cir. 2001).

Relevance, however, is not enough to establish admissibility. Under Federal Rule of Evidence 403, a court may "exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Still, Rule 403 is a "rule of inclusion"—it favors admissibility. *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) (citation omitted). Evidence is excluded under the Rule "only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996).

The Court begins with relevance. The contested evidence is relevant to Plaintiff's claims. Start with his Fifth Amendment coerced confession claim. *See* Compl. ¶¶ 105–12. Evidence suggesting Plaintiff had no connection to the crime scene helps prove "he could not have known certain details about the crime that nevertheless were included in his confession." *Halsey v. Pfeiffer*, 750 F.3d 273, 306 n.31 (3d Cir. 2014). This in turn makes it more likely Defendants knew Plaintiff's confession was false, but nevertheless used "psychological pressure" to coerce him. Pl. Resp. at 5. *See also Tarlton v. Sealey*, 2021 WL 1845171, at *1 (E.D.N.C. May 7, 2021) ("Evidence of innocence can be used to rebut testimony that a person has reliably confessed to a crime and increases the likelihood that a confession was coerced.").

Likewise, the contested evidence helps Plaintiff's Fourteenth Amendment fabrication of evidence claim, *see* Compl. ¶¶ 134–41, and Fourth Amendment malicious prosecution claim, *see id.* ¶¶ 123–33. Both claims turn on the creation of false evidence. An innocent person not at the crime scene would not know details about the scene or victim. Yet, several non-public details about the crime scene appear in Plaintiff's confession. *See, e.g.*, Compl. ¶¶ 56. The contested evidence, therefore, has "some tendency" to make it "more plausible that he could have been pressured to change from a true story to a false one" at the direction of Defendants. *O'Connell v. Alejo*, 2020 WL 5748810, at *9 (D. Colo. Sept. 25, 2020). *See also Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014) (explaining evidence showing "no linkage" between the plaintiff and

the crime scene "bears" on a malicious prosecution claim because it "increase[s] the likelihood" the police "fed [the plaintiff] details about the case" to secure a conviction); *Good v. Curtis*, 601 F.3d 393, 398 (5th Cir. 2010) (similar).

Finally, evidence of innocence informs Plaintiff's intentional infliction of emotional claim, *see* Compl. ¶¶ 153–60, and helps the jury determine damages, *see id.* at 31. Both claims center on the wrongful imprisonment of an innocent man—a reprehensible act. *See In re Winshop*, 397 U.S. 358, 372 (1970) (Harlan, J., concurring) (discussing this "fundamental value determination of our society"). An incarcerated innocent person suffers more than a guilty individual. *See Limone v. United States*, 497 F. Supp. 2d 143, 227 (D. Mass. 2007) (describing this "horror"). Accordingly, courts routinely admit evidence of innocence to help juries determine damages in § 1983 cases. *See, e.g.*, *Parish v. City of Elkhart, Ind.*, 702 F.3d 997, 1001 (7th Cir. 2012); *Cosenza v. City of Worcester*, 2023 WL 131410, at *6 (D. Mass. Jan. 9, 2023); *Tarlton*, 2021 WL 1845171 at * 2; *Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154, 169 (S.D.N.Y. 2009) (citing cases). The Court sees no reason to depart from this trend here.

In short, the contested evidence provides an "important backdrop" to Plaintiff's claims. *Restivo v. Hessemann*, 846 F.3d 547, 559 (2d Cir. 2017). It explains Plaintiff's full experience with the criminal justice system and provides a rationale for the current suit.

Turning to Rule 403's balancing test, the Court finds any unfair prejudice Defendants may suffer from the introduction of the contested evidence does not "substantially outweigh" the evidence's probative value. Fed. R. Evid. 403. *Howard v. City of Durham* is instructive. There, Darryl Howard sued under § 1983 alleging he was wrongfully convicted for the 1991 murders of Doris and Nishonda Washington. *See* 2021 WL 5086379, at *1 (M.D.N.C. Nov. 2, 2021). By the time of his trial, DNA testing excluded Howard from the crime scene. *See id.* Nevertheless, he was

convicted. *See id.* Years later, new DNA evidence identified a new suspect. *See id.* at *2. Based on this evidence, the trial court vacated his conviction. *See id.* The State then dismissed all charges. *See id.* at *1. Howard filed suit alleging the police fabricated and suppressed evidence to obtain his conviction. *See id.* Before trial, the defendant moved to exclude evidence of Howard's innocence—including a gubernatorial pardon. *See id.* at *4–*5.

The Court allowed the evidence. The Court recognized introducing evidence of innocence might lead to "unwarranted side litigation" in cases where "innocence is not an element of the claims in the present case." *Id.* at *6. Still, precluding the evidence of innocence may lead a jury to conclude the plaintiff is "in fact" guilty of the underlying crime to "absolve themselves of liability." *Id.* at *7. To combat this assumption, the Court allowed the evidence of innocence to ensure the jury focuses on the "central question" of whether the defendant's pre-conviction behavior violated the Constitution. *Id.*

*Howard* guides this case. In both, "the plaintiff was convicted and imprisoned, the conviction was later vacated by the state court, [and] the state declined to re-prosecute." *Id.* at *5. In both, the defendant does not concede the plaintiff's innocence. *See id.* at *6. At trial, the jury will learn the Circuit Court of Cabell County vacated Plaintiff's conviction. *See id.* at *5. The jury will learn the State then declined to re-prosecute Plaintiff and dismissed all charges. *See id.* It would be anomalous to preclude the evidence underlying these decisions. *See id.* at *4.

Furthermore, Defendants do not concede Plaintiff's innocence. They might invite the jury to conclude Plaintiff remains guilty of Ms. Crawford's murder to "absolve[s] themselves of liability." *Id.* To combat this "impermissible inference," Plaintiff can present the entire "procedural history" of his "criminal justice experience." *Id.* at *6. *Cf. Sanford v. Russell*, 2021

WL 1208888, at *3 (E.D. Mich. Mar. 31, 2021) (permitting evidence of innocence when a "live dispute" about the plaintiff's innocence remained).

Any concerns the contested evidence might steer the jury into believing they must determine whether Plaintiff or Tim Smith killed Ms. Crawford can be cured by an appropriate jury instruction. *See, e.g.*, *Tarlton*, 2021 WL 1845171 at *2.

## CONCLUSION

The Court **DENIES** Defendants' Motion in *Limine* to Exclude Evidence, Testimony, or Argument Concerning Post-Conviction DNA Testing and Results, and the Investigation into Tim Smith.

ENTER: October 5, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE