IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JUSTIN K. BLACK,

          Plaintiff,

v.                                        CIVIL ACTION NO.  3:22-cv-0096

THE WEST VIRGINIA STATE POLICE,
ANTHONY CUMMINGS,
KIMBERLY PACK,
GREG LOSH,
MIKE PARDE,
EDDIE BLANDKNSHIP, and
UNKNOWN OFFICERS OF THE WEST
VIRGINIA STATE POLICE,

          Defendants.

## MEMORANDUM ORDER AND OPINION

Before the Court are Defendants' Motion to Stay Pending Interlocutory Appeal ("Defs.' Mot."), ECF No. 158, and Plaintiff's Motion to Proceed Notwithstanding Defendants' Interlocutory Appeal ("Pl.'s Mot."), ECF No. 176. For the following reasons, the Court **GRANTS** Defendants' motion and **DENIES** Plaintiff's motion.[1]

## BACKGROUND

In 2008, Plaintiff Justin Black was convicted for the murder of Deanna Crawford. *See Black v. W. Va. State Police et al.*, 2023 WL 6444893, at *1 (S.D. W. Va. Sept. 29, 2023). Nearly a decade later, Defendants conducted new DNA testing and identified a new suspect. *See id.* Based

---

[1] The Court also considered Plaintiff's Response to Defendants' Motion to Stay Pending Interlocutory Appeal ("Pl.'s Resp."), ECF No. 161; Defendants' Memorandum in Opposition to Plaintiff's Motion to Proceed Notwithstanding Defendants' Interlocutory Appeal ("Defs.' Mem."), ECF No. 180; and Plaintiff's Reply in Support of Motion to Proceed Notwithstanding Defendants' Interlocutory Appeal ("Pl.'s Reply"), ECF No. 182.

on this evidence, the Circuit Court of Cabell County vacated Plaintiff's conviction. *See id.* The State of West Virginia then dismissed all charges against Plaintiff. *See id.* Plaintiff sued.

On August 4, 2023, Defendants moved for summary judgment. *See* ECF Nos. 109, 110. They asserted qualified immunity. *See* ECF No. 111 at 17 (State); ECF No. 112 at 2, 13 (Individual Defendants). On September 22, 2023, the Court held a pretrial conference and denied Defendants' motions. Four days later, Defendants filed a Motion to Stay Pending Interlocutory Appeal. *See* ECF No. 158. Recognizing the Court had not yet entered its written opinion, Defendants "preemptive[ly]" sought a stay to file an appeal. *Id.* at 2–3.

On September 29, 2023, the Court issued its Memorandum Opinion & Order granting in part, denying in part Defendants' motions for summary judgment. *See* ECF 170. Three days later, Defendants filed a Notice of Appeal. *See* ECF No. 173. In response, Plaintiff filed a Motion to Proceed Notwithstanding Defendants' Interlocutory Appeal. *See* ECF No. 176.

## LEGAL STANDARD

The decision to grant a stay is "discretionary" and within the "inherent power" of the district court. *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 461 (S.D. W. Va. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This discretion is not "without limitation." *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983). The district court must "weigh competing interests and maintain an even balance." *Id.* (citation omitted). Three factors aid this analysis: (1) the "interests of judicial economy;" (2) "hardship and equity to the moving party if the action is not stayed;" and (3) "potential prejudice to the non-moving party." *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008). The party seeking the stay bears the burden of persuasion. *See Williford*, 715 F.2d at 127.

## ANALYSIS

An appeal—including an interlocutory one—is an "event of jurisdictional significance." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Once filed, the appeal "divests" the district court of its "control" over a case and "confers jurisdiction on the court of appeals." *Id.* This rule reflects a "longstanding tenet of American procedure." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (citing sources).

Denials of qualified immunity provide no exception. In *Mitchell v. Forsyth*, the Supreme Court held denials of qualified immunity are immediately appealable under the collateral order doctrine. *See* 472 U.S. 511, 526 (1985). Without immediate appeal, the "central benefits" of qualified immunity—"avoiding the costs and general consequences of subjecting public officials to the risks of discovery and trial"—would be "forfeited." *Id.* at 526. A notice of appeal, therefore, strips the district court of jurisdiction and prevents two courts from simultaneously considering the same issues. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014).

*Mitchell* is not without nuance. In *Johnson v. Jones*, the Supreme Court distinguished between two types of denials of qualified immunity—appeals challenging a "district court's determination about what factual issues are 'genuine'" and appeals challenging "purely legal issue[s]." 515 U.S. 304, 313 (1995). Only the latter are immediately appealable. *See id.* at 319–20. In other words, a defendant denied qualified immunity "may not appeal a trial court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.* at 320. However, denials of summary judgment are appealable when they "resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity." *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (quoting *id.* at 317).

Taken together, *Mitchell* and *Johnson* establish a "continuum along which the court makes qualified immunity decisions." *Thompson v. Farmer*, 945 F. Supp. 109, 114 (W.D.N.C. 1996). On one end are appeals based on issues of law or "ostensibly fact-bound issue[s] of law that may be resolved as a matter of law." *Hulbert v. Pope*, 70 F.4th 726, 732 (4th Cir. 2023) (quotation omitted) (permitting a court of appeals to decide whether certain facts are "material" to the qualified immunity analysis). On the other end are appeals that "attack" fact-related issues. *Walters v. Prince George's Cnty., Md.*, 438 F. App'x 208, 209 (4th Cir. 2011). The Fourth Circuit routinely dismisses the latter. *See, e.g.*, *Howard v. Dowdy*, 2021 WL 1529288, at \*1 (4th Cir. Jan. 27, 2021) (dismissing appeal for lack of jurisdiction because summary judgment motion denied qualified immunity based on genuine issues of material fact); *Gallmon v. Cooper*, 801 F. App'x 112, 116 (4th Cir. 2020) (similar); *Hollabaugh v. Cartledge*, 682 F. App'x 2023, 204 (4th Cir. 2017) (similar); *Hunter v. Town of Mocksville, N.C.*, 789 F.3d 389, 400 (4th Cir. 2015) (citing *Johnson* and dismissing one of the defendant's arguments on appeal because the district court rejected the argument "due to a dispute of material fact").

Deciding where on the continuum a decision rests can be challenging. A decision can include "appealable conclusions of law and non-appealable determinations regarding facts." *Iko v. Shreve*, 535 F.3d 225, 236 (4th Cir. 2008). The appellate court must, therefore, "parse" the trial court decision's "findings and conclusions" and "scrutinize" the defendant's arguments for issues that are "plainly legal in nature." *Id.* at 235. *Cf. Winfield*, 106 F.3d at 530 (recognizing appellate jurisdiction is controlled by the "portion of the order from which appeal is taken and by argument on appeal") (citing *Shinault v. Cleveland Cnty. Bd. of Cnty. Comm'rs*, 82 F.3d 367, 370 (10th Cir. 1996)). If a claim was denied "solely" because there is a genuine issue of material fact, the claim is not immediately appealable. *Iko*, 535 F.3d at 235.

To help the appellate court in their analysis, the trial court can certify an appeal as frivolous. *See Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (emphasizing certification "streamline[s] the disposition of meritless claims"). If an appeal is "frivolous," the district court retains jurisdiction and "get[s] on with the trial." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). Certification, therefore, "minimizes disruption," *Behrens*, 516 U.S. at 311, and "cut[s] short the deleterious effects of unfounded appeals," *Apostol*, 870 F.2d at 1339.[2]

What makes an appeal frivolous? It turns out "frivolity, like obscenity, is often difficult to define." *WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983). The term is "inherently elastic," *Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004), and "not susceptible to categorical definition," *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Caselaw luckily provides guidance. *First*, the standard for frivolity is a "demanding one." *Wilson v. City of Los Angeles*, 2021 WL 9684445, at *3 (C.D. Cal. Mar. 12, 2021). The claim must lack all "arguable" bases in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), be "patently meritless," *Rivera-Torres v. Ortiz Velez*, 341 F.3d at 96, "so baseless that it does not invoke appellate jurisdiction," "so plainly correct that nothing can be said on the other side," *Apostol*, 870 F.2d at 1339, or "wholly without merit," *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002).

---

[2] Nearly every circuit endorses certification as a "robust tool" to prevent "unwarranted delay." *Coinbase*, 599 U.S. at 745. *See, e.g.*, *BancPass, Inc. v. Highway Toll Admin., LLC*, 863 F.3d 391, 398–99 (5th Cir. 2017); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Yates v. City of Cleveland*, 941 F.2d 444, 448–49 (6th Cir. 1991); *Stewart v. Donges*, 915 F.2d 572, 576–77 (10th Cir. 1990); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989); *United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982) (en banc); *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980). *Cf. Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 96 (1st Cir. 2003) (declining to adopt certification procedures, but recognizing a district court's power to keep jurisdiction when the notice of appeal is "patently meritless"). The Fourth Circuit is no exception. *See Mgmt. Sci. Am. Inc. v. McMuya*, 956 F.2d 1162 (Table), 1992 WL 42893 (4th Cir. 1992) (recognizing district courts can "certif[y] appeal to be frivolous"); *United States v. Head*, 697 F.2d 1200, 1204 n.4 (4th Cir. 1982) (empowering district courts to certify double jeopardy claims as frivolous).

*Second*, close calls are resolved against the party moving for certification. *See, e.g.*, *Bledsoe v. Bd. of Cnty. Commr's of Jefferson Cnty., Kan.*, 2021 WL 1840069, at *10 (D. Kan. May 7, 2021) (noting because the appeal raised an "open question," the court "can't call the question defendants raise in their appeal frivolous"); *Adams v. Garcia*, 2018 WL 6137604, at *2 (C.D. Cal. Oct. 1, 2018) (explaining if there is "even an arguable basis for appellate jurisdiction," an appeal is not frivolous); *Sialoi v. City of San Diego*, 2014 WL 12669563, at *4 (S.D. Cal. Sept. 15, 2014) (explaining when there is "at least some arguable basis" where the circuit court "could" disagree with the district court's determination, the appeal is not frivolous).

*Finally*, the power to declare an appeal frivolous is discretionary, *see Chuman*, 960 F.2d at 105, and should be "used with restraint," *Apostol*, 870 F.2d at 1339.

District courts in the Fourth Circuit follow these "sensible holding[s]." *Thompson*, 945 F. Supp. at 112. In *Eckert Intern. v. Gov't of the Sovereign Democratic Rep. of Fiji*, the Court held "[i]n order for an interlocutory appeal to be deemed frivolous, it must be both meritless and substantively inappropriate." 834 F. Supp. 167, 174–75 (E.D. Va. 1993). It is not enough the appellant's arguments are "unconvincing," "contrary to existing precedent," or already rejected by the district court. *Id. See also Indus. Servs. Grp., Inc. v. Dobson*, 2022 WL 2232473, at *2 (W.D.N.C. June 21, 2022) (applying *Eckert* to deny motion for certification). What matters is the substance of the proposed appeal. If the proposed appeal presents legal arguments, it is not frivolous. *See Witt v. W. Va. State. Police, Troop 2*, 633 F.3d 272, 275 (4th Cir. 2011).

Applying these principles, the Court holds Defendants' appeal is not frivolous. As to Plaintiff's Fifth Amendment coerced confession claim, the Court found "material disputes about the details of the interrogation" exist and "reserve[d] judgment as to whether Defendants violated any constitutional right at all." *Black*, 2023 WL 6444893 at *4. This is a factual determination. In

addition, the Court held Plaintiff's statement to the police was a "confession," *see id.* at *4, and rejected Defendants' "no-causation" argument, *see id.* at *5. These are legal conclusions.

As to Plaintiff's Fourteenth Amendment fabrication of evidence claim, the Court held Plaintiff provided sufficient evidence to "overcome" Defendants' "no evidence" of fabrication argument. *See id.* at *6. This is a factual determination. In addition, the Court rejected Defendants' "no causation" argument and held a fabrication of evidence claim can proceed even if the plaintiff "did not deny making the statement." *Id.* These are legal conclusions.

As to Plaintiff's Fourth Amendment malicious prosecution claim, the Court found a "genuine dispute of material fact exists as to whether Defendants fabricated evidence" and reserved judgment on the claim. *Id.* at *7. This is a factual determination. The Court also rejected Defendants' absolute immunity claim, *see id.*, and their interpretation of *Rehburg v. Paulk*, 566 U.S. 356 (2012), *see id.* at *8. These are legal conclusions.

As to Plaintiff's bystander liability claim, the Court "recognize[d] the parties dispute how [] [D]efendants acted throughout Plaintiff's interrogation." *Id.* Accordingly, the Court found judgment on this claim "premature." *Id.* This is a factual determination. In addition, the Court held an officer can be liable for their peer's behavior even if the officer participated in the unlawful conduct—rejecting Defendants' passive-active distinction. *See id.* This is a legal conclusion.[3]

As to Plaintiff's state law malicious prosecution claim, the Court reserved judgment because the "same operative facts underly Plaintiff's federal malicious claim prosecution claim." *Id.* at *9. This is a mixed question of law and fact.

As to Plaintiff's state law intentional infliction of emotional distress ("IIED") claim, the Court held the parties dispute "too many facts to resolve this question at this stage." *Id.* at *10. This

---

[3] The Court also held Kimberly Pack could not be held liable under a bystander liability theory. *See id.* at *9. Defendants do not indicate they will appeal this legal conclusion.

is a factual determination. In addition, the Court indicated "wrongfully incarcerating an individual for a decade"—if proven—could satisfy an IIED claim. *Id.* This is a legal conclusion.[4]

Finally, as to Plaintiff's vicarious liability claim, the Court reserved judgment because "disputes over material facts" exist regarding Plaintiff's state law claims. *Id.* This is a factual determination. In addition, the Court rejected Defendants' argument the West Virginia State Police cannot be held liable for Plaintiff's IIED claim because the claim was untimely. *See id.* at n.4. This is a legal conclusion.

This summary demonstrates the Court's decision includes both conclusions of law and determinations of fact. Defendants can appeal the former. *Cf. Reeves v. Wayne Cnty.*, 2022 WL 37537, at *2 (S.D. W. Va. Jan. 4, 2022) (Chambers, J.) (noting appeals involving "mixed questions of law and fact" are "appropriate for the Fourth Circuit to resolve") (citing *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 221 (4th Cir. 2012) (en banc)).

Defendants' proposed arguments for their appeal strengthen this conclusion. *See Thompson*, 945 F. Supp. at 112 n.2 (looking to arguments the parties discuss in briefs on certification motion). Defendants proffer four arguments for appeal: (1) the Court erred when it analyzed Defendants' conduct collectively rather individually; (2) the Court erred when it concluded a bystander can be held liable for alleged constitutional violations that have yet to occur; (3) the Court erred when it held Plaintiff's malicious prosecution and coerced confession claims could proceed even though their claims were "necessarily" based on grand jury testimony; and (4) the Court erred in finding certain facts "material" to Plaintiff's fabrication claims. Defs.' Mem. at 10–11. These arguments are legal, not factual. They do not challenge whether there is "enough evidence to prove" Plaintiff's "version of the event actually occurred." *Winfield*, 106 F.3d

---

[4] The Court also dismissed without prejudice Plaintiff's indemnification claim. *See id.* at *11. Defendants do not indicate they will appeal this legal conclusion.

at 530. They present "abstract questions of law" related to the qualified immunity analysis. *Johnson*, 515 U.S. at 317. As such, the appeal is not frivolous. *See Plumhoff v. Rickard*, 572 U.S. 765, 773 (2014) (permitting appeal raising legal issues "quite different from any purely factual issues that the trial court might confront if th[e] case were tried").

Plaintiff disagrees. He makes four arguments. None persuade. *First*, Plaintiff argues even if Defendants concede Plaintiff's view of the facts, the appeal is meritless because the law was clearly established when Defendants acted. *See* Pl.'s Mot. at 10 (citing *Black*, 2023 WL 6444893, at *3 n.3). This misses the point. By accepting Plaintiff's view of the facts, Defendants narrow their appeal to a legal question: Were the constitutional rights allegedly infringed clearly established when Defendants acted? *See Winfield*, 106 F.3d at 530. This legal question is at the heart of qualified immunity. *See id.* The Court stands by its conclusion the constitutional rights at issue here were clearly established by 2007. *See Black*, 2023 WL 6444893, at *3 n.3. Nevertheless, Defendants can argue to the contrary on appeal. *See Danser v. Stansberry*, 772 F.3d 340, 345 (4th Cir. 2014) (explaining an appellant can argue the trial court erred as a matter of law relying on the "facts as the district court view them as well as any additional undisputed facts").

*Second*, Plaintiff argues Defendants' proposed arguments are unpersuasive or misread the Court's decision. *See* Pl.'s Reply at 3–6. Neither renders an appeal frivolous. *See Downs v. Ferriolo*, 2012 WL 6135043, at *3 (D. Nev. Dec. 7, 2012) (explaining an appeal is allowed even if the district court finds "success on appeal is unlikely"). Moreover, Defendants' arguments hinge on a "relative paucity" of Fourth Circuit precedent on the issues raised. *See* Defs.' Mem. at 10 – 13 (citing a plethora of out-of-circuit caselaw); Pl.'s Reply at 3–6 (citing only two Fourth Circuit cases). This paucity weighs against frivolity. *See Eckert*, 834 F. Supp. at 175. Moreover, even assuming out-of-circuit caselaw precludes Defendants' arguments, Defendants remain free to

persuade the Fourth Circuit to forge a different path from its sister courts. *Cf. Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 556 (11th Cir. 2016) ("Where an appeal requires a court to decide an issue of first impression in a circuit court, it is not frivolous.").

*Third*, Plaintiff argues Defendants failed to preserve any of their proposed legal arguments for appeal. *See* Pl.'s Reply at 3 (citing *Hicks v. Ferreya*, 965 F.3d 302 (4th Cir. 2020); *Haze v. Harrison*, 961 F.3d 654 (4th Cir. 2020); and *Hicks v. Ferreya*, 64 F.4th 156 (2023)). Plaintiff mistakes appellate court duties for trial court capabilities. Appellate courts decide the "proper scope of appeal," *McFayden*, 2011 WL 13134315, at *2 n.2, including whether "any specific arguments" are waived on appeal, *Hurt v. Vantlin*, 2017 WL 1709499, at *2 (S.D. Ind. May 3, 2017). Trial courts do not. *See Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 912–13 (7th Cir. 2011) (recognizing a "finding of waiver is a legal determination which enables appellate review of the denial of qualified immunity") (citations omitted).

*Finally*, Plaintiff invites this Court to bifurcate his state claims from his federal claims and proceed to trial on the former. *See* Pl.'s Mot. at 13–14. The Court declines the invitation. The same operative facts undergird all of Plaintiff's claims. Considering the complex evidentiary issues and the potential duplication of witness testimony, the Court finds bifurcation does not serve the interests of justice and judicial economy. *See Wilson*, 2021 WL 968445, at *3 (rejecting similar bifurcation request).

The Court sympathizes with Plaintiff and deplores the long wait he had to—and must continue to—endure before his day in court. *See Sialoi*, 2014 WL 12669563, at *4. The Court is "skeptical" about Defendants' chances on appeal. *Bledsoe*, 2021 WL 1840069, at *9. Still, the frivolity standard is a "demanding" one. *Id.* Plaintiffs have not met it. As a result, this Court was divested of jurisdiction over this matter once Defendants filed their notice of appeal.

## CONCLUSION

The Court **GRANTS** Defendants' Motion to Stay Pending Interlocutory Appeal and **DENIES** Plaintiff's Motion to Proceed Notwithstanding Defendants' Interlocutory Appeal. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:	October 17, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE